UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| JUSTIN ATWOOD on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>STV ENERGY SERVICES, INC. D/B/A STV/GWD,<br><br>    Defendant. | Case No.:  1:15-CV-129<br><br>**JOINT PROPOSED SCHEDULING/DISCOVERY PLAN** |

Pursuant to Rule 26(f), counsel for the parties certify that on November 23, 2015, they conferred in person or by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan.  After conferring, counsel for the parties have agreed upon the following:

1. The parties shall make by **December 8, 2015**, Rule 26(a)(1) disclosures consistent with the required subject matter, timing, and form of Rule 26(a)(1).

2. The issues on which the parties need to conduct discovery are:

**(a) Contour and size of the group of employees that may be represented in this action;**

**(b) Whether members as described in the pleadings are "similarly situated;"**

**(c) Whether Defendant failed to pay overtime under the Fair Labor Standards Act (FLSA), as alleged;**

**(d) Asserted defenses to Plaintiffs' allegations and possible exemptions to overtime requirements of FLSA; and**

**(e) Alleged damages, if any.**

3.     The parties shall have until **August 1, 2016** to complete fact discovery and to file discovery motions.

4.     The parties shall provide the names of expert witnesses and complete reports under Rule 26(a)(2) as follows: **Plaintiffs by September 1, 2016; Defendant by October 1, 2016.**

5.     The parties shall have until **November 15, 2016** to take depositions of expert witnesses.

6.     The parties shall have until **March 1, 2016** to move to join additional parties.

7.     The parties shall have until **May 1, 2016** to move to amend pleadings to add claims or defenses.

8.     The parties shall have until **May 1, 2016** to file other non-dispositive motions, including a Motion for Certification as a Collective Action under the FLSA.

9.     The parties shall have until **March 1, 2016** to file threshold motions (e.g., jurisdiction, qualified immunity, statute of limitations).  Discovery **shall not** be stayed during the pendency of such motions.

10.    The parties shall have until **December 1, 2016** to file other dispositive motions (summary judgment as to all or part of the case).

11.   Each party shall serve no more than **25** interrogatories, including subparts. No broad contention interrogatories (i.e., "List all facts supporting your claim that . . .") shall be used.  The parties shall show good cause for more than the 25 interrogatories allowed by Rule 33.

12.   Each side shall take no more than **10** discovery depositions.  The parties shall show good cause for more than the 10 depositions allowed by Rule 30.

13.   Depositions taken for presentation at trial shall be completed **14 days** before trial.

14.   Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution.  The following option(s) would be appropriate in this case:

<<18>>
_____ Arbitration
_____ Mediation (choose one):
  ____   Private Mediator
  _x_   Court-hosted early settlement conference-should the conference be held before a judge who will not be the trial judge?
    _x_   Yes
    ____   Doesn't matter
_____ Early neutral evaluation before (choose one):
    ____   Judge other than trial judge
    ____   Neutral technical expert
    ____   Neutral attorney
_____ Other (specify)
_____ None (explain reasons)

The parties shall be ready to evaluate the case for settlement purposes by **August 1, 2016**.  *(If an ADR option other than a court-hosted settlement conference is chosen, counsel shall designate one of themselves to report*

3

*back to the magistrate judge that the ADR effort was completed and whether or not it was successful.)* The court reminds the parties that early involvement in ADR is voluntary, not mandatory.  Participation in ADR is encouraged by the court but is not required except for a settlement conference shortly before trial.

15.    A mid-discovery status conference would be helpful in this case.   An appropriate time for the conference would be **May, 2016**.

16.    The parties **will not** voluntarily waive their rights to proceed before a district judge and consent to have the magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

17.    Trial of this case will be by **jury.**

18.    The estimated length of trial is **6 days**.


**KENNEDY HODGES, L.L.P.**


Dated:  11/30/2015               */s/ Udyogi A. Hangwatte*
                           BY:  Galvin B. Kennedy *(appearing Pro Hac Vice)*
                                Udyogi A. Hangwatte
                                711 W Alabama Street
                                Houston, TX 77006
                                Telephone:  713.523.0001
                                Email:  gkennedy@kennedyhodges.com
                                     uhangawatte@kennedyhodges.com
                                ATTORNEYS FOR PLAINTIFF

**VOGEL LAW FIRM**

Dated:  11/30/2015                    */s/ Robert B. Stock*
                                                                                    
                                    BY:  Robert B. Stock (#05919)
                                          Lisa Edison-Smith (#05571)
                                          218 NP Avenue
                                          PO Box 1389
                                          Fargo, ND  58107-1389
                                          Telephone:  701.237.6983
                                          Email:  rstock@vogellaw.com
                                                    ledison-smith@vogellaw.com
                                          ATTORNEYS FOR DEFENDANT

## ORDER

The parties' Scheduling/Discovery Plan is adopted as the Order of the Court with the following modifications:

There is a potential need to consider representative discovery depending on the ultimate size of the class.

Dated this 2nd day of December, 2015.

_/s/ Alice R. Senechal_
Alice R. Senechal
United States Magistrate Judge